UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren Lloyd #63957-019, | ) C/A No. 2:15-2146-RMG-MGB |
| Petitioner, | ) |
| v. | ) |
| | ) Report and Recommendation |
| L.R. Thomas, Warden, | ) |
| Respondent. | ) |

The petitioner, Darren Lloyd ("Petitioner"), a self-represented prisoner confined at the prison camp at Federal Correctional Institution ("FCI") Estill, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner filed the instant Petition on May 27, 2015. Thereafter, an Order directing Petitioner to file the necessary items to bring the case into proper form was entered on June 23, 2015. Petitioner remitted the necessary filing fee, bringing the case into proper form on July 6, 2015. In his Petition, he asserts claims concerning the medical care he received while he has been in the custody of the Bureau of Prisons.[1] See Petition at p. 8.

---

[1]Petitioner also indicates that "his institution refuses to transfer me to Butner Prison Camp for proper treatment despite my sentencing judges mandate that I be housed there." Petition at p. 7-8. The Court may take judicial notice of the filings in Petitioner's criminal case (2:12-cr-19 out of the Northern District of Georgia). See generally, Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). In the criminal judgment in Petitioner's case, the sentencing court makes a recommendation to the BOP that the

1

**DISCUSSION**

      A.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214; and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324–25, 109 S.Ct. 1827,

---

Petitioner be designated for service of sentence in Butner, North Carolina. However, any such recommendation is not binding on the BOP. 18 U.S.C. 3621 provide as follows:
      The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering
      (1)      the resources of the facility contemplated;
      (2)      the nature and circumstances of the offense;
      (3)      the history and characteristics of the prisoner;
      (4)      any statement by the court that imposed the sentence—
            (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
            (B) recommending a type of penal or correctional facility as appropriate; and
      (5)      any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

      [2]The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe pro se petitions. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Pro se petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d

439 (1973). Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the execution of a federal sentence. United States v. Little, 392 F.3d 671, 679 (4th Cir.2004) (citing In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) ( en banc)). However, a civil rights action is the proper vehicle to challenge "the conditions of [a prisoner's] prison life, but not [ ] the fact or length of his custody." Preiser, 411 U.S. at 499.

In this case, Petitioner is not challenging the legality or duration of his custody. Further, he is not entitled to any relief under § 2241 because he is not challenging the execution of his sentence, such as the administration of parole, sentence computation by prison officials, or prison disciplinary actions. See Manigault v. Lamanna, C/A No. 8:06–047–JFA–BHH, 2006 WL 1328780, * 1 (D.S.C. May 11, 2006). Rather, he is challenging the conditions of his confinement, or alleging a violation of his civil rights, which are not claims properly brought in a habeas corpus petition. See Glaus v. Anderson, 408 F.3d 382 (7th Cir.2005) (holding that a claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241 as release from custody was not an available remedy); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.2002) (stating that whenever a challenge attacks "the validity of the continued conviction or the fact or length of the sentence," it must be brought as a habeas corpus petition, but "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement .... A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement.' "); Rae v. Luttrell, No. 95–5453, 76 F.3d 379 (E.D.Ky.1996) (Table) (holding that " § 2241, which is reserved for challenges to the execution of a sentence ... may not be used to challenge the validity of a conviction or the conditions of confinement"); see also Lee v.

4

Winston, 717 F.2d 888 (4th Cir.1983) (concluding that a claim unrelated to the legality of his confinement, which sought to enjoin a state from removing a bullet from the prisoner, was cognizable under 28 U.S.C. § 1983 but not under 28 U.S.C. § 2254); but see Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir.2008) (stating that "[t]his court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, "including such matters as the administration of parole, ... prison disciplinary actions, prison transfers, type of detention and prison conditions"). Accordingly, the court does not have subject matter jurisdiction under § 2241 to consider Petitioner's habeas corpus petition and dismissal is appropriate. Lagos-M v. Warden of FCI Williamsburg, 2009 WL 1749772, 2 (D.S.C. 2009)(finding that the court does not have subject matter jurisdiction under § 2241 to consider the habeas corpus petition and that dismissal is appropriate where Petitioner alleged claims inter alia for denial of proper medical treatment)(citing Martin v. Overton, 391 F.3d 710, 713 (6th Cir.2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

August 4, 2015
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Petitioner's attention is directed to the important notice on the next page**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6